**United States District Court for the Eastern District of Pennsylvania**

| | | |
|---|---|---|
| Jarvis Parker | : | |
| | : | |
| v. | : | Civil Action No. 20-cv-2175 |
| | : | |
| Cenlar FSB, a subsidiary of Cenlar Capital Corporation | : | |

**Plaintiff's Memorandum of Law in Opposition to Defendant Cenlar FSB's Motion to Dismiss the Amended Complaint**

Plaintiff, Jarvis Parker, by and through his attorney, hereby submits this Memorandum of Law in opposition to Defendant Cenlar FSB's Motion to Dismiss the Amended Complaint.

## I. Introduction

This is an employment discrimination case in which Mr. Parker contends in the Amended Complaint that his employment with defendant was terminated because of his race, African American, in violation of The Civil Rights Act of 1866, 42 U.S.C. Section 1981 ("Section 1981), and state common law.[1] Defendant has moved to dismiss all claims asserted in the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Court should deny Defendant's Motion to Dismiss.

## II. Background Facts

For purposes of this Memorandum of Law, Mr. Parker accepts the "Factual Background" set forth in Defendant Cenlar FSB's Memorandum of Law in Support of Motion to Dismiss the

---

[1] Mr. Parker also has pending before the United States Equal Employment Opportunity Commission (the "EEOC") a Charge of Discrimination alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, disability discrimination in violation of the Americans with Disabilities Act, and retaliation. Mr. Parker intends to pursue those claims against defendant upon the issuance of a Notice of Right to Sue by the EEOC.

Amended Complaint ("Defendant's Memorandum"), but only to the extent that it accurately states the allegations of the Amended Complaint.

In addition

## III. Argument

### A. Standard of Review for Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[S]tating … a claim requires a complaint with enough factual matter (taken as true) to suggest" the required elements of a claim. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements. *Id*.

### B. Mr. Parker has stated a claim for intentional infliction of emotional distress under Pennsylvania and New Jersey law.

To state a claim for intentional infliction of emotional distress under Pennsylvania law, a plaintiff must allege "(1) the defendant's conduct was extreme and outrageous; (2) the conduct was intentional or reckless; (3) the conduct caused emotional distress; and (4) the distress is severe." *Chuy v. Phila. Eagles Football Club*, 565 F.2d 1265, 1273 (3d Cir. 1979). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998). "It is for the Court to determine in the

first instance whether the conduct is extreme and outrageous, such that recovery may be permitted." *Cheney v. Daily News L.P.*, 654 F. App'x 578, 583 (3d Cir. 2016) (citing *Small v. Juniata College*, 682 A.2d 350, 355 (Pa. Super. Ct. 1996).

In Count II of the Amended Complaint, Mr. Parker asserts a claim for intentional infliction of emotional distress. Am. Cmplt. ¶¶ 38-42. In support of this claim, Mr. Parker incorporated all of the preceding factual allegations of the Amended Complaint. *See id*. ¶ 38. Thus, Mr. Parker's claim is not, as defendant contends, derivative of his claims of race discrimination and retaliation. Rather, this claim is based not only on defendant's termination of his employment because of his race and in retaliation for having complained about race discrimination, but also on defendant's treatment of Mr. Parker with respect to the Covid-19 pandemic and its duplicity with regard to its contention that Mr. Parker was being terminated due to lack of work. *Id*. ¶¶ 17-20, 22-24. Therefore, defendant's contention that this claim is pre-empted by his Section 1981 claim must be rejected, particularly because Mr. Parker's allegations regarding his treatment with respect to the Covid-19 pandemic have nothing to do with his Section 1981 claims.

Accordingly, the Court should deny defendant's Motion to Dismiss with respect to Count II of the Amended Complaint.

### C. There is no basis to dismiss Mr. Parker's Section 1981 claim

Defendant contends that Mr. Parker's Section 1981 claim in Count I of the Amended Complaint must be dismissed because 1) his allegations of joint employment cannot establish liability under Section 1981, 2) he was not an intended third-party beneficiary of the Cenlar/First Pro contract (the "Contract") under either New Jersey or Pennsylvania law, and 3) defendant's discrimination did not impair his employment relationship with defendant. None of those

reasons provides a sufficient reason for the Court to dismiss the Section 1981 claim. In fact, each of them requires a fact-based inquiry, which cannot occur until the Court, at a minimum, permits the parties to engage in limited discovery on those issues.

1. Mr. Parker's joint employment allegations are sufficient to state a claim under Section 1981.

Defendant relies solely upon *Faush v. Tuesday Morning, Inc*., 808 F.3d 208, 220 (3d Cir. 2015), to argue that the joint employment ***allegations*** of the Amended Complaint are not sufficient to establish ***liability*** under Section 1981, and therefore, Mr. Parker's Section 1981 claim must be dismissed. In fact, however, *Faush* militates in favor of deferring a decision on defendant's Motion to Dismiss Count I. *Faush* was decided on defendant's motion for summary judgment, after the parties had been given time to take limited discovery on the joint employment issue. The *Faush* district court had a complete factual record to analyze in order to determine whether the plaintiff had adduced facts to satisfy the common-law test of a conventional master-servant relationship as outlined in *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322-23, 112 S. Ct. 1344, 117 L.Ed.2d 581 (1992).

In this case, in contrast, although Mr. Parker has alleged in the Amended Complaint facts related to the non-exhaustive list of relevant factors outlined by the Supreme Court in *Darden*, *see* id. at 323-24, he has not had the opportunity to take discovery on the joint employment issue to adduce additional relevant evidence.[2] In addition, here, unlike in *Faush*, Mr. Parker has

---

[2] In employment discrimination cases, Section 1981 claims are subject to the same analysis as discrimination claims under Title VII of the Civil Rights Act of 1964. *Brown v. J. Katz, Inc*., 581 F.3d 175, 181-82 (3d Cir. 2009). Similarly, allegations of joint employment status in a Section 1981 case should be subject to the same analysis as allegations of joint employment status in a Title VII case. See, e.g., *Faush*, 808 F.3d at 213.

alleged that he had the right under the proposed contract he intended to make with defendant to be free from race discrimination and retaliation. Am. Cmplt. ¶ 10.

Accordingly, the Court should deny defendant's Motion to Dismiss Count I on this basis and accord the parties a reasonable period of time to conduct discovery on the joint employment issue.

2. Mr. Parker is entitled to discovery on his allegations that he was an intended third-party beneficiary of the contract between First Pro and Cenlar.

As defendant has acknowledged, both the Supreme Court and the Third Circuit have acknowledged the possibility that in an appropriate case, a plaintiff in Mr. Parker's status may be found to be an intended third-party beneficiary of a contract between an employment agency and its client-employer. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 n. 3 (2006); *Faush*, supra, 808 F.3d 208 at 220 n.13 (3d Cir. 2015). Mr. Parker has alleged in the Amended Complaint that he was an intended third-party beneficiary of the contract between First Pro and Cenlar, and that he had the right to enforce the promise therein to be free from race discrimination and retaliation. Am. Cmplt. ¶ 10.

Although the ultimate issue of whether a person is an intended third-party beneficiary of a contract is a question of law to be decided by the court, that question can only be answered by reference to ***facts*** that elucidate 1) whether the recognition of intended third-party beneficiary status is appropriate to effectuate the intention of the contracting parties, 2) whether the contracting parties actually intended the person to be a third-party beneficiary with enforceable rights, and 3) whether the circumstances surrounding the creation of the contract indicate that the promise intended to give the beneficiary the benefit of the promised performance. See, e.g., *Cmty. Ass'n Underwriters of America, Inc. v. Rhodes Dev. Grp., Inc.*, 805 F. Supp. 2d 95, 103

(M.D. Pa. 2011). Thus, here, Mr. Parker should be accorded a reasonable period of time to conduct discovery on the issue of whether Cenlar and First Pro intended their contract to directly benefit Mr. Parker.

Accordingly, the Court should deny defendant's Motion to Dismiss Count I on this basis and order a period of limited discovery on the issues described above.

3. Mr. Parker sufficiently alleged discrimination in the formation of an employment contract with defendant.

Regardless of how much defendant attempts to distort and misinterpret the allegations of the Amended Complaint, it is clear that Mr. Parker sufficiently has alleged that he was prevented from entering into an employment contract with defendant because of his race and in retaliation for his complaints about race discrimination. *See*, *e.g.*, Am. Cmplt. ¶¶ 15, 22-27. Specifically, the Amended Complaint, fairly read, clearly indicates that Mr. Parker alleges he was not hired by defendant, as had been implicitly promised by Mr. Lieb, because of his race.

Accordingly, the Court should deny defendant's Motion to Dismiss Count I on this basis.

## IV. Conclusion

For the foregoing reasons, Plaintiff, Jarvis Parker, respectfully requests that the Court deny Defendant Cenlar FSB's Motion to Dismiss the Amended Complaint in its entirety, or in the alternative, deny the Motion to Dismiss without prejudice and permit the parties to engage in limited discovery on the joint employer and third-party beneficiary issues.

*s/Robert T Vance Jr*

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1525
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Jarvis Parker*